**FILED & ENTERED**

MAY 07 2025

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fisherl    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>CONSUELO MARIA SALDANA,<br><br>Debtor. | Case No.: 1:25-bk-10068-VK<br><br>Chapter 7<br><br>**MEMORANDUM OF DECISION RE: APPOINTMENT OF GUARDIAN AD LITEM PURSUANT TO FED. R. BANKR. P. 1004.1**<br><br>Date:  May 7, 2025<br>Time:  1:30 p.m.<br>Place:  Courtroom 301<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367 |

This memorandum of decision sets forth this Court's findings of fact and conclusions of law regarding the representation of Consuelo Maria Saldana in the above-captioned bankruptcy case pursuant to Fed. R. Bankr. P. 1004.1. For the reasons set forth below, the Court appoints Iva Dominguez as the debtor's guardian ad litem for the limited purpose of prosecuting and administering the bankruptcy case on behalf of the debtor. A separate order will follow.

-1-

I.      **BACKGROUND**

On January 15, 2025, attorney Kevin Tang filed a chapter 7 petition and other documents for Consuelo Maria Saldana ("Debtor"), initiating this bankruptcy case. On February 19, 2025, the chapter 7 trustee held the initial section 341(a) meeting of creditors and continued the meeting to April 30, 2025.

      A.      ***Iva Dominguez and Debtor's Medical Circumstances***

Debtor is a 95-year-old woman residing at 6438 Hazeltine Ave #8, Van Nuys, CA 91401 (the "Condo Unit"). *Supplemental Declaration of Iva Dominguez*, Ex. 1 [doc. 26]; *Petition*, ¶ 5 [doc. 1]. Iva Dominguez is Debtor's daughter. *Declaration of Iva Dominguez*, ¶ 1 [doc. 17]. Ms. Dominguez has been described as Debtor's agent for health care purposes. *See Letter from Sorour Raghoshay, M.D. to Iva Dominguez, dated September 6, 2018* (the "Kaiser Letter"), attached to *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362*, at p. 56 of 81 [doc. 10]. Ms. Dominguez states that she has paid property taxes and property insurance for the Condo Unit. *Declaration of Iva Dominguez*, ¶ 7 [doc. 17]. Ms. Dominguez attests that she does not have a criminal record, does not have any current or potential interest in Debtor's financial affairs and is not charging any fee for her assistance to Debtor. *Id.*, ¶¶ 5, 6, 9.

The Kaiser Letter states that, in September 2018, Sorour Raghoshay, M.D., a geriatrician at the Kaiser Permanente Panorama City Geriatric Clinic, examined Debtor and determined that Debtor "no longer has the mental capacity to independently manage her personal, health and financial affairs due to her cognitive deficits from dementia and that [Debtor]'s incapacity is permanent." *See Kaiser Letter*, at p. 56 [doc. 10]. Since 2020, Cynthia Pike, M.D., and the neurology practice at Optum in Van Nuys, California, have treated Debtor for dementia. *Supplemental Declaration of Iva Dominguez*, Ex. 1 [doc. 26].

      B.      ***Debtor's Financial Circumstances***

Debtor's assets consist of a 2010 Hyundai Elantra with a scheduled value of $1,000.00, various personal and household items and $128.00 in a checking account at Chase Bank. *Schedule A/B*, ¶¶ 3.1, 6-12, 17 [doc. 1]. Debtor claims an exemption in each of these assets. *Schedule C* [doc. 1]. Debtor's sole sources of income are benefits from the Social Security

Administration and supplemental nutrition assistance benefits from the California Department of Social Services. *See Schedule I*, ¶¶ 8.e, 8.h, at p. 25 [doc. 1]; *Statement of Financial Affairs*, ¶ 8, at p. 30 [doc. 1].

Debtor's schedule A/B discloses a possessory interest in the Condo Unit with a scheduled value of $0. *Schedule A/B*, ¶ 1.1 [doc. 1]. Regarding the Condo Unit, Debtor's schedule A/B states:

> Debtor was the original person the title. Debtor is not on the title but is living in the [Condo Unit]. Debtor transferred her 50% interest in the [Condo Unit] to her daughter, Iva Dominguez and her son in law, Miguel Dominguez. William Campano [sic] has a 50% ownership interest in the [Condo Unit]. William Campano [sic] has a lawsuit for partition and sale of the [Condo Unit] and is seeking to evict debtor from the [Condo Unit].

*Id*. William Campana is the sole creditor identified in Debtor's schedules. *See Schedules D and E/F* [doc. 1]. In 2020, Mr. Campana filed a complaint against Debtor, Ms. Dominguez, and Miguel Dominguez in the Superior Court of California, County of Los Angeles for, among other causes of action, partition of the Condo Unit by sale (the "Partition Action"). *Supplemental Declaration of Steve Lopez* filed in support of *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362*, ¶ 6 and Ex. A thereto [doc. 10].[1]

### C. The Uniform Statutory Form Power of Attorney

On February 28, 2025, Debtor executed a notarized *Uniform Statutory Form Power of Attorney*, in which Debtor appoints Ms. Dominguez as her agent (attorney-in-fact). *Declaration of Iva Dominguez*, Ex. 1 [doc. 17].

---

[1] In December 2022, the state court entered an interlocutory judgment in the Partition Action (the "Interlocutory Judgment"). *Interlocutory Judgment for Partition by Court Under CCP § 872.720* attached as Ex. B to *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362*, at pp. 55-59 [1:24-bk-11219-VK, doc. 13]. In the Interlocutory Judgment, the state court ordered partition of the Condo Unit by sale after determining that Mr. Campana owns a 50% interest in the Condo Unit, Ms. Dominguez owns a 25% interest and Mr. Dominguez owns a 25% interest.

On July 24, 2024, Ms. Dominguez filed a chapter 7 petition, initiating bankruptcy case no. 1:24-bk-11219-VK. In her schedule A/B, Ms. Dominguez disclosed an ownership interest in the Condo Unit and indicated that Mr. Campana is her stepbrother. *See Schedule A/B*, ¶ 1.1 [1:24-bk-11219-VK, doc. 1]. In Ms. Dominguez's bankruptcy case, Mr. Campana filed a motion for relief from the automatic stay as to the Partition Action [1:24-bk-11219-VK, doc. 13]. The Court granted Mr. Campana's motion to enforce his interlocutory judgment and proceed to partition of the Condo Unit by sale [1:24-bk-11219-VK, doc. 20].

### D. The Application

On March 26, 2025, Mr. Tang filed an *Ex Parte Application to Appoint Iva Dominguez as Next Friend for the Debtor to Appear at the Meeting of Creditors* (the "Application") [doc. 17] on behalf of Debtor, together with a declaration of Ms. Dominguez. The Application states that Debtor has dementia and has trouble with her short-term memory. The Application further states that Ms. Dominguez, who is handling Debtor's financial affairs, is Debtor's duly appointed representative. For this reason, the Application requests that the Court enter an order appointing Ms. Dominguez as Debtor's next friend and appointing Ms. Dominguez to appear in Debtor's place at the continued meeting of creditors pursuant to Fed. R. Bankr. P. 1004.1.

On April 30, 2025, the Court held a hearing on the Application. Debtor, Ms. Dominguez and Mr. Tang appeared at the hearing. Mr. Tang stated that he met with both Debtor and Ms. Dominguez regarding the filing of the petition and other case initiation documents. Ms. Dominguez stated that she helped Debtor sign the documents by holding Debtor's hand. Ms. Dominguez stated that she currently resides with Debtor at the Condo Unit and has for many years. She also stated that she has been Debtor's primary caregiver since 2017, when Debtor was first diagnosed with dementia.

## II. LEGAL STANDARDS

Fed. R. Bankr. P. 1004.1 provides:

> (a) **Represented Infant or Incompetent Person.** If an infant or an incompetent person has a representative—such as a general guardian, committee, conservator, or similar fiduciary—the representative may file a voluntary petition on behalf of the infant or incompetent person.
>
> (b) **Unrepresented Infant or Incompetent Person.** If an infant or an incompetent person does not have a representative:
>
>   (1) a next friend[2] or guardian ad litem may file the petition; and

---

[2] The term "next friend" includes someone having an interest in the welfare of an incompetent person that has a cause of action. *In re Maes*, 616 B.R. 784, 799 (Bankr. D. Colo. 2020) (citing *In re Zawisza*, 73 B.R. 929, 936 (Bankr. E.D. Penn. 1987)). In a different, but analogous, context, the United States Supreme Court established qualifications for a "next friend":

> (2) the court must appoint a guardian ad litem or issue any other order needed to protect the interests of the infant debtor or incompetent debtor.

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure define the term "incompetency." Bankruptcy courts routinely look to the incompetency laws of the state of the debtor's domicile for guidance. *See In re Alexander*, 2024 WL 4995909, at *2 (Bankr. M.D. Ala. Dec. 5, 2024) (collecting cases); *In re Maes*, 616 B.R. 784, 797 (Bankr. D. Colo. 2020) (collecting cases). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sep. 28, 2012) (citing Cal. Civ. Proc. Code § 372).

Cal. Civ. Proc. Code § 372(a) provides, in relevant part:

> (1) When ... a person who lacks legal capacity to make decisions..., that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court....
>
> * * *
>
> (4) Where reference is made in this chapter to "a person who lacks legal capacity to make decisions," the reference shall be deemed to include all of the following:
>
>   (A) A person who lacks capacity to understand the nature or consequences of the action or proceeding.
>
>   (B) A person who lacks capacity to assist the person's attorney in the preparation of the case.
>
>   (C) A person for whom a conservator may be appointed pursuant to Section 1801 of the Probate Code.

---

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status....

*Id.* at 800 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) (internal citations omitted)).

Cal. Prob. Code § 1801 provides that a conservator may be appointed for a person "who is substantially unable to manage his or her own financial resources or resist fraud or undue influence." *See* Cal. Prob. Code § 1801(b)–(c).

In *Maes*, a daughter filed a chapter 13 petition on behalf of her elderly mother who suffered from severe dementia and memory loss. The chapter 13 trustee requested dismissal of the mother's case, arguing that the daughter relied on an ineffective power of attorney to file the mother's petition. In denying the chapter 13 trustee's request, the bankruptcy court in *Maes* first analyzed whether the mother was incompetent as of the petition date. Finding that the mother was incompetent, the bankruptcy court next considered whether the daughter was authorized to file the petition as the mother's "representative" under the power of attorney pursuant to Fed. R. Bankr. P. 1004.1(a). The court found that the power of attorney was ineffective such that the daughter was not a representative as that term is used in subsection (a). However, the court found that the daughter properly filed the petition in her capacity as her mother's "next friend" under Fed. R. Bankr. P. 1004.1(b)(1).

The bankruptcy court in *Maes* explained the decision tree implicated by the mother's circumstances as follows:

> If [the Court determines that the debtor was incompetent as of the petition date], then the Court must determine if the [d]ebtor had a formal "representative" at the time of the [p]etition such as a "general guardian, committee, conservator, or similar fiduciary" and whether that person filed the [p]etition. If the [d]ebtor had no formal "representative," then the Court must decide whether the [p]etition was filed by a "next friend or guardian ad litem." If ... only a "next friend" started the bankruptcy proceedings, then the Court must appoint a guardian ad litem or take other action to protect the incompetent debtor; the Court cannot just let the "next friend" continue along in prosecuting the bankruptcy case.

*Id*. at 796-97 (internal citations omitted). The court noted concern that "having a next friend administer a bankruptcy proceeding would be unclear and problematic [because n]ext friends have no specific duties or obligations." *Id*. at 801. Having determined that the daughter properly filed the petition in her capacity as her mother's "next friend," the bankruptcy court appointed the daughter as her mother's "guardian ad litem" for purposes of the chapter 13 case pursuant to

Fed. R. Bankr. P. 1004.1(b)(2). *See id*. at 800-02; *see also In re Alexander*, 2024 WL 4995909, at *2 (Bankr. M.D. Ala. Dec. 5, 2024).

### III. ANALYSIS

Like the daughter in *Maes*, Ms. Dominguez filed the petition on behalf of her mother, Debtor. Like the debtor in *Maes*, as of the petition date, Debtor was incompetent under California law as a result of the cognitive deficits caused by her dementia. Debtor's medical circumstances prevent her from: (a) understanding the nature or consequences of the bankruptcy case, (b) assisting counsel in the preparation of the case and (c) managing her own financial resources.

As an incompetent debtor, Debtor did not have a representative as of the petition date, such as a general guardian, committee, conservator, or similar fiduciary. Like the power of attorney in *Maes*, here, the *Uniform Statutory Form Power of Attorney* dated February 28, 2025 is ineffective to empower Ms. Dominguez to act as Debtor's "representative" as that term is used in Fed. R. Bankr. P. 1004.1(a).

Under California law, a statutory form power of attorney empowers the agent to act for the principal with respect to bankruptcy proceedings. *See* Cal. Prob. Code § 4459(f); *see also In re Nakano*, 2019 WL 2896199 (Bankr. C.D. Cal. June 26, 2019). However, the *Uniform Statutory Form Power of Attorney* dated February 28, 2025 is void because Debtor lacked the capacity to execute it as a result of her dementia (i.e., she was not of sound mind and capable of understanding the nature and consequences of the document). *See* Cal. Prob. Code § 4120 ("A natural person having the capacity to contract may execute a power of attorney."); *see also* Cal. Prob. Code §§ 810-812 (setting forth mental capacity standard for certain legal acts and decisions); Cal. Civ. Code § 39 (providing that contracts are subject to recission if a party was of "unsound mind").

However, Ms. Dominguez properly filed Debtor's petition in her capacity as Debtor's "next friend" under Fed. R. Bankr. P. 1004.1(b)(1). As Debtor's daughter, Ms. Dominguez has a "significant relationship" with Debtor. The Kaiser Letter describes Ms. Dominguez as Debtor's agent for healthcare purposes. Ms. Dominguez states that she has managed Debtor's financial

1  affairs since Debtor's cognitive decline from dementia and that Ms. Dominguez has done so
2  without compensation or expectation of payment.

3  Because Debtor's case was initiated by Ms. Dominguez in her capacity as Debtor's "next
4  friend," the Court must appoint a guardian ad litem to protect Debtor's interests pursuant to Fed.
5  R. Bankr. P. 1004.1(b)(2). As noted above, Ms. Dominguez has a significant relationship with
6  Debtor and is willing and able to act in Debtor's best interests in this bankruptcy case. As a
7  result, the Court finds it appropriate to appoint Ms. Dominguez as Debtor's guardian ad litem
8  pursuant to Fed. R. Bankr. P. 1004.1(b)(2) for the limited purpose of prosecuting and
9  administering the bankruptcy case on behalf of Debtor.

## IV. CONCLUSION

The Court will appoint Ms. Dominguez as Debtor's guardian ad litem pursuant to Fed. R. Bankr. P. 1004.1. In her limited guardian ad litem role, Ms. Dominguez:

(1) may, on behalf of Debtor, retain and instruct legal counsel for Debtor;

(2) may file, prosecute, or defend any pleading, motion, objection, or response;

(3) may seek conversion or dismissal of Debtor's bankruptcy case;

(4) may request the entry of discharge;

(5) may take any other action on behalf of Debtor in this bankruptcy case; and

(6) shall not be entitled to compensation for her role as guardian ad litem for the Debtor, unless otherwise permitted by order of the Court.

In the performance of her role as guardian ad litem, Ms. Dominguez must act as a fiduciary for Debtor. Such fiduciary duties include, but are not limited to: the duty to act in accordance with Debtor's reasonable expectations (to the extent actually known); the duty to act in Debtor's best interests; the duty to act in good faith; the duty to act loyally for Debtor's benefit; and the duty to act with the care, competence, and diligence ordinarily exercised by agents in similar circumstances.

Debtor has the right to request termination of Ms. Dominguez's limited guardian ad litem role if Debtor establishes that she is no longer incompetent and is able to prosecute and

administer her bankruptcy case, provided however, that Ms. Dominguez's limited guardian ad litem role will terminate only upon an order of the Court, including an order dismissing this case.

A separate order will follow.

### ###

Date: May 7, 2025

Victoria S. Kaufman
United States Bankruptcy Judge